WISE, Presiding Judge.
The appellant, Gregory Lee Dison, pled guilty to third-degree arson, a violation of § 13A-7-43, AIa.Code 1975. The trial court sentenced him to serve a term of twelve months in the Lauderdale County Detention Center. Dison did not file any post-judgment motions. This appeal followed.
During the suppression hearing, Jimmy Collier testified that he was a deputy state fire marshal with the Office of the State Fire Marshal; that, as part of his job, he was assigned to the cause and origins of fires and explosions; and that his procedures and policies were governed by Title 36, Chapter 19 of the Code of Alabama. He also testified that he investigated a fire that occurred on February 3, 2007, at 67475 County Road 31 in Killen, Alabama; that, during the week of February 11, 2007, he was contacted by Dick Blake at the Center Star Fire Department and was told that Dison had information he wanted to disclose about the fire; that Dison’s mother lived next door to the mobile home that had burned; that he initially met with Dison at his mother’s house; and that, in that meeting, Dison told him that he was sleeping, his mother woke him up, she had discovered the fire, and she telephoned 911.
Collier also testified that he later contacted Dison and asked him to set up a time to meet with him and talk to him about the information he wanted to disclose; that they agreed to meet at the sheriffs department satellite office in Center Star because he did not have an office to work out of; that, on February 20, 2007, he met with Dison; that Dison gave two different statements on that date; that, at the time of the first statement, he was just talking to Dison as a witness; that, before the first statement, he administered an oath to Dison; that that is part of his procedure; that he would tell a witness he was giving a sworn statement under oath, the penalty for lying was making a false statement, and he could be charged with perjury; and that, after he administered the oath, Dison did not do anything to indicate that he was not talking to him of his free will.
Collier further testified that Dison said some things in the initial statement that he knew were not correct; that he did not have Dison sign that statement because he did not believe him; that he told Dison that he did not believe the information he had given him; that, at that point, he stopped the interview and advised Dison of his Miranda[1] rights; and that, at that time, he took another statement from Di-son. Finally, he testified that he was not a notary and that he relied on § 36-19-17, Ala.Code 1975, when he placed Dison under oath.
Dison argues that the trial court erroneously denied his motion to suppress his statements to Collier.[2] Specifically, he contends that Collier told him he was under oath, advised him of the penalty of perjury, and told him that making a false *1275 statement under oath was perjury; that, because Collier was not a notary, his statements were not sworn and he could not be held under penalty of perjury; and that he was tricked and/or deceived into giving the statements.
Section 36-19-17, Ala.Code 1976, provides:
“The fire marshal or his deputies, when in their opinion it is necessary, may take or cause to be taken the testimony on oath of all persons supposed to be cognizant of any facts or have means of knowledge in relation to the matter as to which an investigation is being held and shall cause the same to be reduced to writing.”
Further, § 36-19-19, Ala.Code 1975, provides:
“The fire marshal or his deputies may, each, in any county of this state, summon and compel the attendance of witnesses before them or either of them to testify in relation to any matter which is, by the provisions of this article, a subject of inquiry and investigation, and may require the production of any book, paper or document deemed pertinent thereto by them or either of them. The said fire marshal or his deputies may each administer oaths and affirmations to any person or persons appearing as witnesses before them, and false swearing in any matter or proceedings aforesaid shall be deemed perjury and shall be punished as such.”
(Emphasis added.)
Based on §§ 36-19-17 and 36-19-19, Ala.Code 1975, Collier was authorized to administer an oath to Dison. Further, § 36-19-19, Ala.Code 1975, specifically provides that any false swearing would be punishable as perjury. Therefore, Collier’s statements were not misrepresentations, and Dison was not tricked or deceived into giving the statements. Accordingly, the trial court properly denied Dison’s motion to suppress, and we affirm the trial court’s judgment.
AFFIRMED.
WELCH, WINDOM, and KELLUM, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The State argues that the record does not show that Dison reserved the right to appeal the denial of his motion to suppress. The record does not include a transcript of the guilty plea proceedings. However, during the sentencing hearing, defense counsel stated that Dison had entered a best interest plea and that he had reserved issues for appeal. Neither the trial court nor the prosecutor refuted that assertion. Further, in response to an order from this court, appellate counsel certified that Dison reserved the right to appeal the denial of his motion to suppress before he entered his guilty plea. Therefore, it appears that Dison reserved the right to raise this argument on appeal.